```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/22/2011
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

IN RE RUBY G. EMANUEL,

                Debtor.

KENNETH HELLER,

                Appellant,

      - against -

RUBY G. EMANUEL,

                Appellee.

10 Civ. 2964 (JGK)

MEMORANDUM OPINION
AND ORDER

---

JOHN G. KOELTL, District Judge:

    The appellant, Kenneth Heller, moves this Court, pursuant to Federal Rules of Civil Procedure 59(e) and 60(b)[1] and Southern District of New York Local Civil Rule 6.3, for reconsideration of the Court's March 26, 2010 Opinion and Order affirming the bankruptcy court's decision in favor of the appellee. Opinion and Order, In re: Ruby G. Emanuel, No. 10 Civ. 2964 (S.D.N.Y. March 26, 2010) (the "Opinion"). For the reasons discussed below, the motion for relief is denied.

---

[1] In the introductory section of his brief, the appellant refers to Rule 60(a) in addition to Rule 60(b). Rule 60(a) permits a court to correct a "clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order or other part of the record." Nowhere in his brief does the appellant identify such a mistake, however, and none is apparent. Accordingly, the motion will be denied insofar as it seeks relief under Rule 60(a).

I.

While there are no formal guidelines, courts have recognized four basic grounds on which a judgment may be altered or amended pursuant to Rule 59(e): the need to prevent manifest injustice, the need to correct errors of law or fact, the availability of new evidence, or an intervening change in controlling law. See Virgin Atl. Airways, Ltd. v. National Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992). Reconsideration of a court's prior order "is an extraordinary remedy to be employed sparingly" in the interest of finality. In re Health Mgmt. Sys., Inc. Sec. Litig., 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000) (citation omitted). In a motion for reconsideration, a party may not "advance new facts, issues or arguments not previously presented to the Court." Torres v. Carry, 672 F. Supp. 2d 346 (S.D.N.Y. Oct. 29, 2009) (citation omitted). An identical standard applies to a motion to alter or amend a judgment under Local Civil Rule 6.3. See In re Evergreen Mut. Funds Fee Litig., 240 F.R.D. 115, 117 (S.D.N.Y. 2007).

"There is a considerable overlap between Rule 59(e) and Rule 60." 11 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice & Procedure § 2817 (2d ed. 1995). Rule 60(b) sets forth the grounds by which a court, in its

discretion, can provide relief from a final judgment or order. See Fed. R. Civ. P. 60(b); Nemaizer v. Baker, 793 F.2d 58, 61 (2d Cir. 1986). Rule 60(b) allows a court to relieve a party from a final judgment for, among other reasons, "(1) mistake, inadvertence, surprise, or excusable neglect;" "(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);" or "(6) any other reason that justifies relief." Fed. R. Civ. P. 60(b). Rule 60(b) exists to strike a balance between "serving the ends of justice and preserving the finality of judgments." Nemaizer, 793 F.2d at 61. While Rule 60(b) should be read broadly to do "substantial justice," final judgments should not be reopened casually. Id. Relief under Rule 60(b) should be granted "only upon a showing of exceptional circumstances." Id.; see also Minima v. N.Y. City Dep't of Homeless Servs., No. 09 Civ. 1027, 2010 WL 176829, at *1 (S.D.N.Y. Jan. 19, 2010); Meteor AG v. Fed. Express Corp., No. 08 Civ. 3773, 2009 WL 3853802, at *3 (S.D.N.Y. Nov. 18, 2009).

II.

In arguing for reconsideration, the appellant claims that the Court overlooked certain facts and failed to consider relevant law. Many of the appellant's arguments go to the

3

question of whether the Bankruptcy Court erred in approving the appellee's settlement of a state-court wrongful death action. As the Court discussed in its Opinion, the appellant did not appeal from the November 10, 2008 order of the Bankruptcy Court that approved the settlement; accordingly, the Court lacked jurisdiction to consider the propriety of the Bankruptcy Court's decision. Opinion at 11.

The remainder of the appellant's brief argues that Jacoby & Meyers ("J&M") failed to negotiate a fair settlement of the state-court action, and thus did not earn the legal fee it was awarded by the Bankruptcy Court; that J&M had access to the appellant's files in negotiating the settlement, despite its claims to the contrary; and that the appellant's own efforts on the appellee's behalf, prior to the time he was removed as counsel, exceeded those of J&M acting as substitute counsel. In short, the appellant's motion for reconsideration raises substantially the same arguments the appellant originally presented in his appeal from the decision of the Bankruptcy Court. The appellant fails to point to any intervening change in controlling law, any error of law made by the Court, any new evidence, or any other basis that justifies relief. Federal Rules of Civil Procedure 59(e) and 60(b) and Local Civil Rule 6.3 are not intended to serve as gateways for relitigating matters already decided or raising arguments that should be made

4

on appeal.  Because the appellant has failed to establish a basis for reconsideration or relief under the applicable rules, and because he has failed to show exceptional circumstances sufficient for such relief, the appellant's motion is **denied**. The Clerk is directed to close **Docket No. 42**.

SO ORDERED.

Dated:   New York, New York
         April 19, 2011

                                          John G. Koeltl
                                     United States District Judge